# McCown v. Quigley, Appellant.

*Wrongful taking of goods—Damages—Highest value in kind.*

Where a person who has been in the habit of purchasing goods from another, appropriates goods which he does not account for, and by his own wrongdoing, prevents the owner from accurately estimating the value of the goods taken, the highest value in kind may be charged against him, and the burden is upon him to show what it was that he actually took.

Argued Jan. 15, 1892. Appeal, July T. 1891, No. 192, by James J. Quigley, defendant, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1890, No. 132, on verdict for Frank C. McCown and John A. McCown, plaintiffs. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL, and HEYDRICK, JJ.

Assumpsit for goods taken by the defendant and not accounted for.

At the trial before GORDON, J., it appeared that the defendant was a partner with the plaintiffs in the firm of McCown & Co. He had also a retail shop, which he conducted on his own account. He bought from the firm the commodities which he sold at his shop, and they were charged to him on the books of the firm. The plaintiffs introduced testimony which tended to show that during two years and a half the defendant also took large quantities of the same kind of goods, and sent them to his shop, but never accounted for them to the firm. When Quigley was charged by a detective with these appropriations, he admitted having taken about $1,200. An employee of the firm testified that Quigley had taken certain goods which were specifically identified, and that their value amounted to $109. The driver of the firm testified that

in 1888 he became suspicious of Quigley, that he was improperly dealing with partnership goods, and that for his own protection he thereafter kept a memorandum of all goods given to him by Quigley which were not charged in the regular method of business; that he made this memorandum upon pieces of paper, that he did it repeatedly and at various places without regularity.

The court charged the jury in part as follows:

"The defence consists of an argument that there is not sufficient here to charge the defendant with more than the $1,200 which he admitted, and the $109 particularly and in detail identified. It is argued to you that that is all you can charge him with; for the other goods testified to by the driver you can render no verdict for, because you have no data; you have no safe or reasonably sure rule by which to estimate their value. Well, gentlemen of the jury, it is true that all judgments of courts and verdicts of juries should be founded upon appropriate and accurate testimony, and should not represent mere guess-work. It should have as a support testimony, either documentary or oral, upon which to find a verdict; but while that is true there is no inflexible rule as to the amount of testimony needed in all cases to establish certain facts, and it is also the rule that in some cases probability has greater weight than in others, and that probability will have greater weight against the wrongdoer, when by his own act he has prevented the production of definite, distinct and exact evidence. .

"[Now, in this case, if you believe that these goods were taken in this way, and the fact that the plaintiffs cannot produce exact evidence as to their value, results from the wrongful act of the defendant himself, and hence when you look at the plaintiffs' case and find their testimony weak, not as satisfactory as you would like to have it, you will not be entitled to weigh upon them the consequence of that defect in the testimony if it reasonably leads you to a conclusion on the whole case, and admit it in its entirety.] [5]

"The plaintiffs have offered in evidence a long account made up by the efforts of three persons in the employ of their firm. They are men who sold goods, and men who bought goods, and also the bookkeeper, an expert accountant.

"They have taken the data given by the driver, consisting

merely of a description of the articles as packages and boxes, and having regard to the other goods bought at the same time by the defendant, the seasons when the goods were sold, and the general line of goods that he bought, they have estimated the probable contents of these packages and boxes, and have submitted to you that estimate. Well, gentlemen, if it be a simple guess, it is of no avail, and [I charge you that if the men who made up this list had nothing but the mere statement that a package of goods was taken away, and they simply guessed that the package contained suspenders, or shirts, or drawers, that that would be so vague that you ought not to found your verdict upon it; but the testimony is that they have estimated the value of the packages not accounted for, by the value of such packages and similar packages and bulks as were recorded, accounted for and paid for at that time.] [6]

" You have heard the testimony upon that subject, and I do not mean to go over it, but will illustrate.

" There is one day upon which it is said nineteen packages were delivered, and only two were charged. Well, these experts have examined the books, have found the contents of the two packages that were charged, and have charged in this account for seventeen similar packages, estimating them to have contained the same kind of goods and to be of the same value.

" Well, gentlemen of the jury, you will take that testimony and give it the weight that you think it is entitled to. It is not conclusive upon you, but it is merely testimony for your consideration. You will say whether it is probable; you will say whether it is reasonable, but [I charge you, as a matter of law, that if you find that there were goods in those packages or boxes of the same kind that he was then purchasing you would have the right, in the absence of any proof to the contrary, to estimate that they contained the same kind of goods and the same value, as those which he then and there received and accounted for.

" I hope you grasp that statement. It is based upon the proposition of the law that when a man by his own wrongdoing prevents another from accurately estimating the value of that which he took, the highest value in kind may be charged against him, and the burden is upon him to show what it was that he actually took. So, with all the estimates made on this

paper, you will say in view of the whole testimony whether it is reasonable to assume that the packages which he did not account for contained the same kind of goods as the packages which he did account for.] [7]

" [If the testimony of Captain Linden is to be believed, there were at least $1,200 worth of goods taken and not accounted for; well, gentlemen of the jury, you will take that statement for what it is worth. It undoubtedly is an admission of that man that he did take goods to the value of $1,200 which he never accounted for, but you are not committed to that amount. You need not be guided by his estimate, but may take it for what it is worth, and for the utmost that he names against him, and you may add to it such other values as from the whole case you find should be done.] [8]     The plaintiffs claim some seven thousand odd dollars.

" It is also argued to you that this man's purchases during the years when this wrongdoing was going on, compared with his purchases before he began it, indicate the amount which he took. What weight is to be given to that argument I leave also to you.

" I have been asked to charge you on behalf of the defendant as follows:

1. " Under all the evidence in the case the plaintiffs can recover only for those goods which they have identified and shown were delivered to the defendant. For goods claimed to have been in boxes, but not so proved, there can be no recovery against defendant, except for any amount which the defendant admitted.

A. " If that proposition means that there can be no recovery for goods in boxes not shown to have been delivered to the defendant, I affirm it, but if it means that there can be no recovery for goods in boxes shown to have been delivered to the defendant, but not specifically identified, I refuse it. The latter clause is drawn in such a form that I am unable to say just what it means. I answer it therefore in this alternative way." [3]

2. " There is no evidence in this case to charge the defendant for any goods prior to June 5, 1890, unless the jury believes the admission of $1,000 or $1,200, mentioned by one of plaint-

iffs' witnesses. As to any items prior to that date, or beyond $1200 in amount, the jury should find for the defendant."

A. "I refuse that proposition." [4]

Verdict and judgment for plaintiffs for $8,654.68.

Defendant appealed.

*Errors assigned* were (1, 2, 9–11) various admissions to evidence but not quoting the offers, objections or the evidence admitted; (3, 4) answers to defendant's points, quoting points and answers; (5–8) portions of the charge as above, quoting them.

*E. Cooper Shapley, William Gorman* with him, for appellant.

*R. C. Murtrie*, contra, was not heard.

PER CURIAM, January 25, 1892.

All of the specifications which allege error in the admission of evidence, may be dismissed by the remark that they are not assigned in conformity with the rules of court. The remaining specifications all refer to the charge of the court. An examination of them fails to disclose error.

Judgment affirmed.